## John Alexander Cooper v. A. H. Andrews & Co.

### Gen. No. 13,532.

SET-OFF—*when action of court in refusing leave to withdraw, erroneous.* Under the particular facts of this case, it was error for the court to refuse leave to withdraw a plea of set-off, where the court had tendered such leave of its own motion, but had subsequently, before the tender had been acted upon, denied such leave. *Held,* further, that the denial of such leave was not justified by the suggestion on the part of the defendant of an alternative course to the withdrawal of the plea, such alternative course not being adopted by the court.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in this court at the March term, 1907. Reversed. Opinion filed December 2, 1907.

WALTER SCHAFFNER, for plaintiff in error.

FRANCIS E. DONOGHUE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant in error, A. H. Andrews & Company, a corporation, sued the plaintiff in error, John Alexander Cooper, for the purchase price of furniture furnished by the said corporation to him. There was no defense to the plaintiff's action, and the correctness of

the judgment in favor of the plaintiff is only challenged because of the rulings of the trial judge, to whom the case was submitted without a jury, on a set-off claimed by the defendant Cooper. He had been employed by the plaintiff corporation to install a new system of bookkeeping and accounting in the said corporation's offices and plant, and on his claim for compensation for this by way of set-off much testimony was heard by the court.

In the statement of the case signed by the trial judge and sent up to us in the record, in accordance with the statute, after the evidence on this matter is detailed the proceedings are thus recited:

"Thereupon the further hearing of said action was adjourned to the 2nd day of February, 1907, both of the parties hereto having theretofore announced that all of their testimony had been offered and the case having theretofore been submitted for the decision of the court, at which time, after the court had announced that in its opinion, the contract not having been fully performed, the defendant was entitled to recover, if at all, the reasonable value of his services and only the reasonable value and not the contract price, from said plaintiff, and that no such value had been proven; *and upon the court offering to permit defendant to withdraw his plea of set-off,* but before any minute had been entered by the clerk, the defendant asked leave and moved the court to permit him to offer further testimony to show the reasonable value of the services performed by him, which request and motion was by the court overruled and denied, to which ruling of the court in overruling and denying said motion the defendant by his counsel then and there duly excepted. *Thereupon the defendant by his counsel moved for leave to withdraw and dismiss his plea of set-off,* which motion was by the court overruled and denied, to which action of the court in overruling and denying said motion the defendant then and there duly ex-

cepted. Thereupon the court found the issues for the plaintiff and assessed the plaintiff's damages at the sum of $147, and entered judgment in favor of said plaintiff and against the defendant for said sum of $147, to which action of the court in so finding the issues for the plaintiff and entering judgment for him for said sum of $147 and costs of suit, the defendant by his counsel then and there duly excepted."

We think, after reading the record, that the trial judge was quite right in the exercise of his discretion in offering on February 2d to allow the defendant to withdraw his plea of set-off. We are not prepared to say that he was not right in the exercise of his discretion in denying the motion of defendant on that date to be permitted to offer further testimony to show the reasonable value of the services performed by him, but we fail to perceive that it was a sufficient reason to cancel or reverse the permission to the defendant to withdraw his set-off, that before availing himself of it he asked the court for leave to put in further testimony. If the leave had been granted and the testimony put in, we could see a reason for not allowing what seemed an alternative motion of the defendant; but the leave was denied and the situation was not, therefore, in the least changed from that which existed when the court offered leave to the defendant to withdraw his claim of set-off. The defendant had not even declined the offer, so far as appears. He had merely suggested an alternative course, which had been denied him. We think in the situation shown by the record in this case, the defendant should have had one or the other course allowed him. As we are authorized under the Municipal Court Act in deciding the case "upon its merits" to enter such order or judgment as in our opinion the Municipal Court ought to have entered, we hereby reverse and vacate the judgment order of the Municipal Court heretofore entered in this case, which reads as follows:

"This day comes the parties, and thereupon this cause coming on for trial by the court, without a jury, and the court having heard all the evidence and argu-- ments of counsel, and being fully advised in the premises, the court finds the issues joined in favor of the plaintiff and assesses the plaintiff's damages in the sum of one hundred and forty-seven dollars.

"It is therefore considered by the court that the plaintiff have and recover of the defendant the said sum of one hundred and forty-seven dollars for its damages, and also its costs and charges by it herein expended, taxed at three dollars, and that it have execution therefor;" and substitute therefor a judgment order in the words following:

"It is considered by the court that the motion of the defendant heretofore made for leave to withdraw his claim in set-off, filed by him in this cause, should be and it is hereby allowed, and said claim in set-off is withdrawn from said cause. Thereupon the court finds the issues remaining in the cause in favor of the plaintiff and assesses the plaintiff's damages in the sum of one hundred and forty-seven dollars.

"It is therefore considered by the court that the plaintiff have and recover of the defendant the said sum of one hundred and forty-seven dollars for its damages, and also its costs and charges by it expended, and that it have execution therefor."

Costs in the court below are to be taxed against the defendant. Neither party in this court is to recover costs against the other.

*Reversed, and judgment here.*